# MILMAN LABUDA LAW GROUP PLLC

**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

June 23, 2017

**VIA ECF**
Hon. Carol Bagley Amon, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY11201-1804

      Re:    Luongo v. 44-37 Restaurant Corp., *et al.*
              Case No.: 1:13-cv-7420 (CBA) (RML)
              <u>MLLG File No.: 5-2014</u>

Dear Judge Amon:

      This firm represents Defendants in the above-referenced matter. Defendants write, pursuant to this Court's Order at the final pretrial conference on June 19, 2017, to submit their response to Plaintiff's letter concerning the tip credit.

### Background

      Plaintiff pursues claims under the: (i) Fair Labor Standards Act ("FLSA") for alleged minimum wage and overtime wage violations (<u>see</u> <u>Compl.</u> ¶¶ 16-21); and (ii) New York Labor Law ("NYLL") for alleged minimum wage, overtime wage, and spread of hours wage violations (<u>see</u> <u>Compl.</u> ¶¶ 22-26). Plaintiff has not pled nor pursued any claims under the NYLL for recordkeeping or notice violations.

      Both the FLSA and the NYLL permit an employer to pay a tipped worker a cash wage that is lower than the statutory minimum wage, provided that the cash wage and the employee's tips, taken together, are at least equivalent to the minimum wage. <u>See</u> 29 U.S.C. §§ 203(m), 206(a)(1); <u>see</u> <u>also</u> 12 N.Y.C.R.R. § 146-1.3(b) (effective Jan. 1, 2011); 12 N.Y.C.R.R. § 137-1.5 (repealed effective Jan. 1, 2011); <u>Shahriar v. Smith & Wollensky Restaurant Grp.</u>, 659 F.3d 234, 239-40 (2d Cir. 2011). This allowance against the minimum cash wage is known as a "tip credit." <u>See</u> <u>Inclan v. N.Y. Hosp. Grp., Inc.</u>, 95 F. Supp. 3d 490, 497 (S.D.N.Y. 2015).

### The Tip Credit Under the Fair Labor Standards Act

      Under the FLSA, an employer may claim a tip credit as to an employee's wages if the employer has informed that employee of the provisions of the section of the FLSA permitting the tip credit. <u>See</u> 29 U.S.C. § 203(m); <u>see</u>, e.g., <u>Copantitla v. Fiskardo Estiatorio, Inc.</u>, 788 F. Supp. 2d 253, 287 (S.D.N.Y. 2011); <u>Chung v. New Silver Palace Rest., Inc.</u>, 246 F. Supp. 2d 220, 228-29 (S.D.N.Y. 2002).

Verbal notice is sufficient to claim the tip credit." See Pellon v. Bus. Representation Int'l, Inc., 528 F. Supp. 2d 1306, 1310-11 (S.D. Fla. 2007); Ide v. Neighborhood Rest. Partners, LLC, 32 F. Supp. 3d 1285, 1292-93 (N.D. Ga. 2014); see also See Carvente-Avila v. Chaya Mushkah Restaurant Corp., No. 12-CIV.-5359 (KBF), 2016 WL 3221141 (S.D.N.Y. Mar. 1, 2016) (hereinafter "Chaya Mushkah") (analyzing solely under NYLL) (citing March 4, 2015 opinion letter from New York State Department of Labor).

### The Tip Credit Under the New York Labor Law

The regulations implementing the NYLL also impose notice requirements upon an employer that desires to take a tip credit. See 12 N.Y.C.R.R. § 146–2.2 (effective Jan. 1, 2011); 12 N.Y.C.R.R. § 137–2.2 (repealed effective Jan. 1, 2011). The NYLL also equally follows the relaxed notice standard of the FLSA. See Chaya Mushkah, 2016 WL 3221141 at *1 (citing March 4, 2015 opinion letter from New York State Department of Labor). A chart of the applicable minimum wage and tip credit is provided herein:

| Time Period[1] | Minimum Wage | Tip Credit | Tip Credit Wage | Notes |
|---|---|---|---|---|
| 1/1/2007 – 7/23/2009 | $7.15 | $2.55 | $4.60 | Food service |
| 7/24/2009 – 12/31/2009 | $7.25 | $2.60 | $4.65 | Food service |
| 1/1/2011 – 12/30/2013 | $7.25 | $2.25 | $5.00 | Food service |

On March 4, 2015, the New York State Department of Labor ("NYSDOL"), issued an opinion letter to the Hon. Joseph D. Morelle, the Majority Leader of the New York State Assembly in response to the Assemblyman's inquiry to the NYSDOL concerning its interpretation of the intersection of the tip credit and notice of pay rules as a result of a federal court decision grappling with pre- and post-2011 claims for wage violations. See Hicks v. T.L. Cannon Corp., 35 F. Supp. 3d 329 (W.D.N.Y. 2014). A copy of the opinion letter is annexed hereto as **Exhibit "A."**

The NYSDOL was asked whether the regulations require, as a precondition to claiming a tip credit, that an employer provide written notice of the tip credit rules and, alternatively, whether an employer that fails to provide written notice of the tip credit rules may nonetheless claim a tip credit if the employer can demonstrate compliance with all of the minimum wage requirements and that their employees understood the manner in which the employer took the tip credit. See Ex. A at 1.

The NYSDOL answered: "Contrary to the Court's holding in *Hicks*, a food service employer is eligible to claim the tip credit even when they fail to provide written notice of the tip credit rules provided that the employer can demonstrate compliance with all of the other minimum wage requirements and that their employees understood the manner in which the employer took the tip credit." Id. at 2 (emphasis added).

---

[1] See https://www.dol.gov/whd/state/tipped2007.htm#NewYork;
https://www.dol.gov/whd/state/tipped2008.htm#NewYork;
https://www.dol.gov/whd/state/tipped2009.htm#NewYork;
https://www.dol.gov/whd/state/tipped2010.htm#NewYork;
https://www.dol.gov/whd/state/tipped2011.htm#NewYork;
https://www.dol.gov/whd/state/tipped2012.htm#NewYork;
https://www.dol.gov/whd/state/tipped2013.htm#NewYork

**Defendants are Entitled to the Tip Credit under both the FLSA and NYLL**

Judge Forrest's decision in Carvente-Avila v. Chaya Mushkah Restaurant Corp. (hereinafter "Chaya Mushkah") is both instructive and on point. As is the case here, there is no claim for violations of 12 NYCRR § 146-1.3. See Compl.; see also Chaya Mushkah, No. 12-CIV.-5359 (KBF), 2016 WL 3221141at *1 (S.D.N.Y. Mar. 1, 2016). More importantly, the Court in Chaya Mushkah properly held that where an administrative body provides a rational basis for its conclusions, the judicial function is exhausted and the opinion letter is therefore entitled to deference. See Id. at *2. Accordingly, the cases Plaintiff cites that are contrary to the NYSDOL's letter cannot be afforded any weight whatsoever.

To be sure, an issue of fact would exist to the extent that Plaintiff may claim that he was never otherwise informed that he is being paid less than minimum wage due to the tip credit. Notwithstanding the foregoing, Plaintiff's contention that Defendants cannot claim Plaintiff was paid at a tip credit minimum wage because he was allegedly not provided a written notice of his tip credit is simply inaccurate and misstates the law.

In finding that no written notice was required for an employer to claim a tip credit, the NYSDOL discussed, *inter alia*, the "need to prevent unintended consequences, such as loss of eligibility for the tip credit for otherwise compliant employers and an unjustified windfall for employees that have actual notice of their employer's tip credit practices," as there is "no policy rationale" for reading in a written requirement to Section 146-1.3, as "written notice is not necessary to protect employees that have actual knowledge of the tip credit rules." See Ex. A at 2 (emphasis added). This is especially important to emphasize here, as Defendants submit that Plaintiff is taking advantage of Defendants' loss of its records due to Hurricane Sandy.

Plaintiff's arguments to the contrary have no merit. Plaintiff's first argument is that only one court – the Chaya Mushkah Court – has interpreted the NYLL to require no written notice. This is not accurate. Judge Netburn cited Chaya Mushkah with approval in an August 25, 2016 decision. See Franco v. Jubilee First Ave. Corp., No. 14-CV-07729 (SN), 2016 WL 4487788 (S.D.N.Y. Aug. 25, 2016). Second, there is no distinguishable difference between the pre- and post-2011 regulations concerning the tip credit. Therefore, the same analysis applies for Plaintiff's entire employment period. Third, Plaintiff fails to establish that written notice of the tip credit is required under 12 NYCRR 137 (the pre-2011 regulations). Plaintiff simply cites to §§ 137-2.1 through 137-2.3, which do not explicitly provide that written notice of a tip credit is required.

Fourth, Plaintiff argues that the "tip credit is not automatic." This is a red herring. Defendants have never argued that the tip credit is automatic; rather, Defendants submit that Plaintiff was given notice of the tip credit and that Defendants have properly claimed the tip credit.

Plaintiff also argues that the tip credit can only be claimed if the employee's tips are sufficient to make up the difference between the minimum wage and the reduced wage permitted after the tip credit and that, because Defendants failed to comply with record keeping requirements, Defendants are precluded as a matter of law from claiming the tip credit. However, this argument fails because Defendants are prepared to establish to the jury as a matter of fact that Plaintiff earned substantial tips on a weekly basis and accepting Plaintiff's argument would directly contradict the NYSDOL's sound interpretation of the tip credit notice requirements.

Plaintiff similarly attempts to Solomon the NYSDOL letter into pre-2011 (where it purportedly does not apply) and post-2011 (where it does apply) in order to salvage what is left of his attempt to obtain an unjustified windfall. However, the Court must not accept that the NYSDOL's interpretation only applies to the post-2011 regulations. The NYSDOL letter was written in response to an inquiry regarding Hicks, which dealt with both pre-2011 and post-2011 regulations. Because the NYSDOL did not distinguish between the two (2) time periods, this Court must apply the NYSDOL's interpretation to both.

Struggling to prove that no written notice is required, Plaintiff comically seeks to wish the NYSDOL letter out of existence by arguing that the NYSDOL no longer issues opinion letters and that the letter is "nowhere to be found." This is obviously untrue, as the letter is attached herein.

Plaintiff also claims that it is undisputed that Defendants made no effort to comply with 12 NYCRR §§ 146-1.3 or 146-2.2 until March 13, 2013 (the date Plaintiff was provided written notice of the tip credit). See copy of March 13, 2013 Notice and Acknowledgment of Pay Rate and Payday signed by Plaintiff, Defendants' Exhibit X, annexed hereto as **Exhibit "B."** To the contrary, Defendants dispute Plaintiff's contention that it made no effort to comply with these provisions, which require, *inter alia*, written wage statements for every pay period, and which Defendants submit they complied with.

For the foregoing reasons, the jury should be permitted to decide whether Plaintiff was informed about the tip credit in order to determine the appropriate minimum wage Plaintiff was paid and, more importantly, Defendants should not be precluded from arguing that the tip credit minimum wage applies.

We thank the Court for its time and attention to this matter.

Dated: Lake Success, New York
June 23, 2017

                                                 Respectfully submitted,

                                                 MILMAN LABUDA LAW GROUP PLLC

                                                 **/s**
                                                 Joseph M. Labuda, Esq.
                                                 Emanuel Kataev, Esq.
                                                 3000 Marcus Avenue, Suite 3W8
                                                 Lake Success, NY 11042-1073
                                                 (516) 328-8899 (office)
                                                 (516) 328-0082 (facsimile)
                                                 joe@mllaborlaw.com
                                                 emanuel@mllaborlaw.com

                                                 *Attorneys for Defendants*

cc: Plaintiff (via ECF).