# MICHAEL G. O'NEILL
ATTORNEY AT LAW

*By ECF*

June 25, 2017

Hon. Carol Bagley Amon
United States District Judge
225 Cadman Plaza East
Brooklyn, NY 11201

> Re:    Luongo v. 44-37 Restaurant Corp.
>        13-CV-7420

Dear Judge Amon:

I represent the plaintiff and I am writing in reply to Friday's letter from counsel for defendants concerning the tip credit issue.

I do not intend to discuss the notice requirements of the FSLA, and I think any such discussion would be premature until we see what the evidence at trial is.

Defendants' chart of the minimum wage and tip credit is at odds with their proposed jury instructions, wherein they assert:

> If the tip credit applies, the minimum wage amount required to be paid for such tipped employees varied during the relevant period. Specifically, the minimum wage amount for tipped service workers was $4.60 until July 23, 2009, $4.90 from July 24, 2009 until December 31, 2010, $5.65 from January 1, 2011 until December 30, 2015. 12 NYCRR 146-1.3 and 2.2.

Indeed, defendants' contentions with respect to the tip credit under the New York Labor Law contradict the jury instruction that they submitted to the Court.  Defendants' position until Friday, expressed in their proposed jury instruction was that the tip credit could be claimed only if:

> First, that Plaintiff was engaged in an occupation in which tips have customarily and usually constituted a part of the employee's remuneration.

> Second, that no employer or agent of an employer demanded or accepted, directly or indirectly, any part of the tip received by the Plaintiff or retained any part of a tip received by the Plaintiff.

> Third, that no employee who did not ordinarily perform personal customer service retained any part of a tip received by the Plaintiff.
> Fourth, that the tip credit claimed by the Defendants was recorded on a weekly basis as a separate item in the wage record.

Defendants' jury instruction is consistent with the majority view discussed in my June 21 letter. Now, however, defendants claim that the March 4, 2015 "opinion letter" applies to pre-2011 wages, because the *Hicks* decision, *Hicks v. T.L. Cannon Corp.*, 35 F. Supp. 3d 329 (W.D.N.Y. 2014), dealt with both pre and post 2011 wages.  This argument is hopeless.  The opinion letter itself states:

Hon. Carol B. Amon
June 25, 2017
Page 2 of 2

I write to summarize the Department of Labor's (DOL) interpretation of the intersection of the tip credit and notice of pay rules in 12 N.Y.C.R.R. §§ 146-1.3 and 146-2.2. Specifically, this letter explains why an employer in the food service industry can remain eligible to claim the tip credit pursuant to 12 N.Y.C.R.R. § 146-1.3 even when the notice of tip credit provided by the employer is not in writing.

12 N.Y.C.R.R. §§ 146-1.3 and 146-2.2 took effect on January 1, 2011 and have no impact on pre-2011 wages.

Under the law as expressed in defendants' proposed jury instruction, defendants are not entitled to the tip credit as a matter of law, because defendants cannot satisfy the fourth prong of the test: none of defendants' pre-2011 wage records sets forth the tip credit claimed as a separate item. See exhibit B to my June 21 letter. Defendants have not contested this fact, which would be easy to rebut if there were any such wage records. Records that show only that the employee received tip income do not satisfy the requirements of the Labor Law. *Copantitla v. Fiskardo Estiatorio, Inc.*, 788 F. Supp. 2d 253, 290 (S.D.N.Y. May 27, 2011).

Unable to rebut plaintiff's arguments that (a) the March 4, 2015 opinion letter is not an official Department interpretation because the Department stopped issuing opinion letters years ago and the letter in question has not been made publicly available by the Department, and (b) that the opinion expressed in that letter is irrational and unreasonable, defendants stoop to insults: "plaintiff comically seeks to wish the NYSDOL letter out of existence." The fact that defendants do not show where the letter is publicly available, or even reveal where they obtained it, says all that needs to be said. If they could have shown that the letter was a public document, they would not need to resort to name calling. Likewise, defendants do not even attempt to argue that the letter's interpretation of the Labor Department regulations is rational or reasonable.

Grasping for straws, defendants cite the Court to *Franco v. Jubilee First Ave. Corp.*, No. 14-CV-07729 (SN), 2016 WL 4487788 (S.D.N.Y. Aug. 25, 2016). In that case, Magistrate Judge Netburn referred to the *Chaya Mushkah* decision in obiter dicta, saying only that the defendant in *Franco* waived any argument based on *Chaya Mushkah*. *Chaya Mushkah* is not precedent, and its reasoning is not sound.

I appreciate the Court's consideration of the foregoing.

Respectfully yours,