# MILMAN LABUDA LAW GROUP PLLC

**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

September 29, 2017

**VIA ECF**
Hon. Robert M. Levy, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Courtroom 11B South
Brooklyn, NY 11201-1804

      Re:    Luongo v. 44-37 Restaurant Corp., *et al.*
              Case No.: 1:13-cv-7420 (CBA) (RML)
              MLLG File No.: 5-2014

Dear Judge Levy:

      This firm represents Defendants in the above-referenced matter. Defendants write to respond to respond to the Court's Order to Show Cause dated September 21, 2017 as to why Defendants' submissions in opposition to Plaintiff's motion for attorneys' fees (see Docket Entries 70-71) should not be withdrawn and redacted to exclude all references to confidential written and oral communications made during the course of the mediation in this case. See Text Only Order dated September 21, 2017. Defendants respectfully submit that the Court should consider such information based on the well-established doctrine that settlement discussions (and any rejection of a higher offer by Plaintiff) are an important factor for the Court to consider in assessing the reasonableness of a Plaintiff's requested attorneys' fees in cases under the Fair Labor Standards Act (hereinafter "FLSA").

**Background**

      A mediation was held in this matter on October 17, 2016. There, the parties signed a confidentiality agreement. The mediation agreement provides, *inter alia*, that "[a]ll written and oral communications made by any party, attorney … or the mediator in connection with or during any mediation session are privileged and confidential and shall NOT be disclosed or use for any purpose in this or any other pending future proceeding." Additionally, Local Civil Rule 83.8(d)(1)(A) states: "[U]nless the parties otherwise agree, all written and oral communications made by the parties and the mediator in connection with or during any mediation session are confidential and may not be disclosed or used for any purpose unrelated to the mediation." Rule 83.8(d)(3) further provides: "Information about what transpires during mediation sessions will not at any time be made known to the Court... [unless the parties otherwise agree]."

      On July 28, 2017, Plaintiff submitted a motion for attorneys' fees. See Docket Entries 62-63. On September 8, 2017, Defendants opposed Plaintiff's motion. See Docket Entries 70-71.

**Standard**

Mediation is designed to allow parties to fully explore settlement without fear that anything said or exchanged during the mediation may be used against a party on the merits of a party's claims. A motion for attorneys' fees, however, does not pertain to the merits of a party's claims. The determination of a motion for attorneys' fees does not constitute a "proceeding." See Black's Law Dictionary at 1324 (9th ed. 2009) (defining proceeding as the "regular and orderly progression of a lawsuit, including all acts and events between the time of commencement and the entry of judgment"). Indeed, courts routinely decide the amount of reasonable statutory attorneys' fees after entering judgment concerning FLSA claims. See Bedasie v. Z Towing, Inc., 2017 U.S. Dist. LEXIS 43973 (E.D.N.Y. Mar. 24, 2017); Gao v. Perfect Team Corp., 2017 U.S. Dist. LEXIS 5028 (E.D.N.Y. Jan. 11, 2017); Alvarado v. Five Town Car Wash Inc., 2015 U.S. Dist. LEXIS 123057 (E.D.N.Y. July 23, 2015); Guardado v. 13 Wall St., Inc., 2016 U.S. Dist. LEXIS 167887 (E.D.N.Y. Dec. 2, 2016).

"Where plaintiffs obtain a favorable settlement in an action brought pursuant to the FLSA, they constitute prevailing parties and are entitled to attorney's fees." See Larrea v. FPC Coffees Realty Co., No. 15-CIV.-1515 (RA), 2017 WL 1857246, at *5 (S.D.N.Y. May 5, 2017). In determining reasonable fees, courts must take into account Rule 68 Offers of Judgment and reasonable settlement offers made by defendants (even if not for full relief) that are rejected by plaintiff attorneys that result in a windfall to the plaintiff's attorneys. Courts have routinely followed this logic in deciding these motions. See Ortiz v. Prestige Kitchen Design, Inc., 2013 U.S. Dist. LEXIS 135866 (E.D.N.Y. Sept. 23, 2013) (Wexler, J.) (in FLSA case, directing parties to provide the Court all information concerning what, if any, offers or demands were made in this case, and at what juncture in the litigation); see also Velasquez v. Digital Page, Inc., 2016 U.S. Dist. LEXIS 84554, *3 (E.D.N.Y. June 28, 2016) (reducing requested attorneys' fees from $225,000.00 to $25,000.00 because Plaintiffs obtained a settlement on the eve of trial that was offered at the outset of the litigation) (citing Zhao Hui Chen, 2012 U.S. Dist. LEXIS 11570).

**Argument**

Plaintiff's motion for attorneys' fees is an ancillary matter wholly unrelated to the merits of a Plaintiff's claims. Defendants submit that this Court must know all settlement amounts demanded by Plaintiff and offered by Defendants in determining the reasonableness of the attorneys' fees requested by Plaintiff.

Moreover, a ruling to the contrary would serve the perverse purpose of rewarding counsel, in general, to reject all settlement offers in order to increase their legal bill. This was not the intent behind the mediation agreement and Local Civil Rule 83.8. The mediation agreement and Local Civil Rule 83.8 were designed to protect litigants from potential abuse and prejudice by opposing parties seeking to exploit information obtained during mediation on the merits of the parties' claims and defenses. They were not designed to permit attorneys to shield information from the Court and prevent a proper determination as to the reasonableness of legal fees which necessitates the consideration of all prior settlement demands and offers.

  Additionally, the Court – unlike a jury – is a sophisticated trier of fact and law and can separate the wheat from the chaff in determining a motion.  See Rondout Valley Cent. Sch. Dist. v. Coneco Corp., 321 F. Supp. 2d 469, 473 (N.D.N.Y. 2004) ("Such deference is particularly profound with respect to bench trials because the trial court is presumed to be able to exclude improper inferences from his or her own decisional analysis") (internal quotations and citation omitted); see also 11 CHARLES A. WRIGHT & ARTUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2885 (2d ed. 1995) ("In non-jury cases the district court can commit reversible error by excluding evidence but it is almost impossible for it to do so by admitting evidence").

  Accordingly, Defendants submit that their opposition papers should not be withdrawn and redacted to exclude all references to confidential written and oral communications made during the course of the mediation in this case.  To the extent that this Court rules otherwise, Defendants respectfully submit that they would agree to redact all references to confidential written and oral communications made during the course of the mediation in this case so long as the Court considers them in determining the instant motion as set forth in the authorities cited herein.

  Defendants thank the Court for its time and attention to this matter.

Dated: Lake Success, New York
   September 29, 2017

                 Respectfully submitted,

                 MILMAN LABUDA LAW GROUP PLLC

                 _____/s_____
                 Joseph M. Labuda, Esq.
                 Emanuel Kataev, Esq.
                 3000 Marcus Avenue, Suite 3W8
                 Lake Success, NY 11042-1073
                 (516) 328-8899 (office)
                 (516) 328-0082 (facsimile)
                 joe@mllaborlaw.com
                 emanuel@mllaborlaw.com

                 *Attorneys for Defendants*

cc:  Plaintiff (via ECF).