UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MASSIMILIANO LUONGO,

                Plaintiff,                        REPORT AND
                                                      RECOMMENDATION

   -against-

                                                           13 CV 7420 (CBA)(RML)

44-37 RESTAURANT CORP., *et al.*,

                Defendants.
----------------------------------------------------------X

LEVY, United States Magistrate Judge:

        By order dated October 10, 2017, the Honorable Carol Bagley Amon, United States District Judge, referred plaintiff's motion for attorney's fees and costs to me for report and recommendation.[1] For the reasons stated below, I respectfully recommend that the motion be granted and that plaintiff be awarded a total of $70,038.41 in fees and costs.

## BACKGROUND

        Plaintiff commenced this wage-and-hour case on December 31, 2013, asserting claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). (See Complaint, dated Dec. 31, 2013, Dkt. No.1.) On June 26 and 27, 2017, Judge Amon presided over a jury trial in this matter. On June 27, 2017, before the case was submitted to the jury, the parties settled on the record for $45,500. (See Minute Entry, dated June 27, 2017.) The settlement provided that plaintiff was entitled to an award of costs and attorney's fees, with the amount to be determined by the court. Plaintiff now requests $80,870.00 in attorney's fees, $2,502.41 in expenses, and $2,250.00 in attorney's fees for the instant application. (Declaration

---

[1] This motion was delayed until November 3, 2017, when defendants filed redacted submissions at the court's direction, deleting references to confidential written and oral communications made during the course of mediation.

of Michael G. O'Neill, Esq., dated July 28, 2017 ("O'Neill Decl."), Dkt. No. 62, ¶ 23.) Defendant objects, arguing that "plaintiff's attorneys should be awarded no more than $15,166.67," or one-third of the settlement amount. (Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Attorney's Fees and Costs, dated Sept. 8, 2017, Dkt. No. 80, at 6.)

## DISCUSSION

Both the FLSA and the NYLL provide for recovery of reasonable attorney's fees and costs. See 29 U.S.C. § 216(b); N.Y. LAB. LAW §§ 198(1–a), (1–d). The starting point for determining the presumptively reasonable fee award is the "lodestar" amount, which is "'the product of a reasonable hourly rate and the reasonable number of hours required by the case.'" Gaia House Mezz LLC v. State St. Bank & Tr. Co., No. 11 CV 3186, 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014) (quoting Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011)).[2]

The court must first establish a reasonable hourly rate, which is "what a reasonable, paying client would be willing to pay." Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 184 (2d Cir. 2008). This is guided by the market rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984). The relevant community is the district in which the court sits. Arbor Hill, 522 F.3d at 190–91; see also Siemieniewicz v. CAZ Contracing Corp., No. 11 CV 0704, 2012 WL 5183375, at *15 (E.D.N.Y. Sept. 21, 2012) (explaining that reasonable hourly rates are determined by reference

---

[2] It is true that courts in this district commonly approve contingency fee awards in wage-and-hour settlements, notably in certain collective actions. Nevertheless, the lodestar method is an established and appropriate method for gauging a reasonable fee award in wage-and-hour cases.

to, *inter alia*, fees in the district in which the action is pending and to "prevailing market rates for attorneys of similar expertise providing comparable services." ) (citing Gierlinger v. Gleason, 160 F.3d 858, 882 (2d Cir. 1998)), report & recommendation adopted as modified, 2012 WL 5183000 (E.D.N.Y. Oct. 18, 2012). The court must also "bear in mind *all* of the case-specific variables that [the Second Circuit] and other courts have identified as relevant to the reasonableness of attorneys' fees in setting a reasonable hourly rate." Arbor Hill, 522 F.3d at 190. Those factors include the attorneys' experience and expertise and the overall success achieved in the case. See Chen v. Cty. of Suffolk, 927 F. Supp. 2d 58, 71 (E.D.N.Y. 2013); Brady v. Wal-Mart Stores, Inc., 455 F. Supp. 2d 157, 204 (E.D.N.Y. 2006), aff'd, 531 F.3d 127 (2d Cir. 2008). District courts are afforded discretion in determining reasonable hourly rates, in part because of their experience and understanding of the course of the litigation. See, e.g., Matusick v. Erie Cty. Water Auth., 757 F.3d 31, 64 (2d Cir. 2014) ("[w]e afford a district court considerable discretion in determining what constitutes reasonable attorney's fees in a given case, mindful of the court's 'superior understanding of the litigation.'") (quoting Barfield v. N.Y.C. Health & Hosps. Corp., 537 F.3d 132, 151 (2d Cir. 2008)).

Plaintiff has requested hourly rates of $450 for partner Michael G. O'Neill, $275 for associates Aaron Solomon and Benjamin Federici, and $100 for law clerk and paralegal Stephanie Maria O'Neill. (O'Neill Decl. ¶¶ 5-8, 10-11.) Mr. O'Neill has been practicing law since 1980—thirty-seven years at the time of trial—and has handled hundreds of cases since the founding of his law firm in 1995. (Id. ¶ 5.) In a 2014 case in this district, Mr. O'Neill was awarded fees at the rate of $425 per hour. Sass v. MTA Bus Co., 6 F. Supp. 3d 238, 263 (E.D.N.Y. 2014). Mr. Solomon graduated from law school in 2009 and was employed at Mr. O'Neill's firm from January 2013 to January 2015. (O'Neill Decl. ¶ 7.) Prior to that, Mr.

3

Solomon "was employed by a busy litigation firm in Brooklyn and handled cases in both Federal and State courts." (Id.) In Sass, the court approved an hourly rate of $225 for Mr. Solomon. Sass, 6 F. Supp. 3d at 263. Mr. Federici graduated from law school in 2013 and was employed at Mr. O'Neill's firm from March 2015 to February 2017. (Id. ¶ 6.) Prior to that, Mr. Federici "worked for a law firm in Queens where he specialized in FLSA litigation." (Id.) In a 2015 FLSA case in this district, which was tried in 2014, Mr. Federici's hourly rate was reduced from $250 to $175. Hui Luo v. L&S Acupuncture, P.C., No. 14 CV 1003, 2015 WL 1954468, at *2 (E.D.N.Y. Apr. 29, 2015), aff'd, 649 F. App'x 1 (2d Cir. 2016). Finally, Ms. O'Neill graduated from law school in 2014 and worked for her father, Michael G. O'Neill, as a law clerk and paralegal. (O'Neill Decl. ¶ 8.)

Courts in this district regularly award hourly rates ranging from $300 to $450 for the work of highly experienced attorneys. See Thomas v. City of New York, No. 14 CV 7513, 2017 WL 6033532, at *5 (E.D.N.Y. Dec. 1, 2017) ("An hourly rate of $450 remains within the range of rates found reasonable for partners with twenty or more years of experience in this District."); Smart v. City of New York, No. 15 CV 1405, 2017 WL 933080, at *3 (E.D.N.Y. Feb. 17, 2017) ("In recent years, fees have been awarded in the Eastern District of New York at an hourly rate of $300 to $450 for partners and $100 to $325 for associates in civil rights cases."), report & recommendation adopted, 2017 WL 928472 (E.D.N.Y. Mar. 8, 2017); Hall v. ProSource Techs., LLC, No. 14 CV 2502, 2016 WL 1555128, at *12 (E.D.N.Y. Apr. 11, 2016) (finding that a partner with twelve years of experience in litigating FLSA and NYLL wage and hour lawsuits should be awarded an hourly rate of $450); Bodon v. Domino's Pizza, LLC, No. 09 CV 2941, 2015 WL 3889577, at *8 (E.D.N.Y. June 4, 2015) ("recent cases have held that partners in wage and hour cases are generally entitled to recover $300 to $450 per hour"), report

4

& recommendation adopted sub nom., Bodon v. Domino's Pizza, Inc., 2015 WL 3902405 (E.D.N.Y. June 24, 2015). I therefore find that the hourly rate of $450 requested for Mr. O'Neill is reasonable and in line with rates awarded in this district to counsel with comparable experience. I also find the rates of $275 for Messrs. Solomon and Federici and $100 for Ms. O'Neill acceptable. See Bond v. Welpak Corp., No. 15 CV 2403, 2017 WL 4325819, at *5 (E.D.N.Y. Sept. 26, 2017) (collecting cases).

Next, the court must assess whether the hours expended by plaintiff's counsel were reasonable, and exclude any hours that were "'excessive, redundant, or otherwise unnecessary' to the litigation." Cho v. Koam Med. Servs. P.C., 524 F. Supp. 2d 202, 209 (E.D.N.Y. 2007) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). Rather than itemizing individual entries as excessive, the court may make an "across-the-board reduction, or percentage cut, in the amount of hours." T.S. Haulers, Inc. v. Cardinale, No. 09 CV 451, 2011 WL 344759, at *3 (E.D.N.Y. Jan. 31, 2011) (citing Green v. City of New York, 403 F. App'x 626, 630 (2d Cir. 2010)); see also In re "Agent Orange" Prods. Liab. Litig., 818 F.2d 226, 237 (2d Cir. 1987) ("[T]he district court has the authority to make across-the-board percentage cuts in hours as a practical means of trimming fat from a fee application.") (internal quotation omitted). Similarly, courts routinely apply across-the-board reductions for vague entries. See, e.g., Kirsch v. Fleet St. Ltd., 148 F.3d 149, 173 (2d Cir. 1998) (affirming district court's twenty percent reduction in attorney's fees for "vagueness, inconsistencies, and other deficiencies in the billing records"); Moore v. Diversified Collection Servs., Inc., No. 07 CV 397, 2013 WL 1622949, at *4 (E.D.N.Y. Mar. 19, 2013) (reducing attorney's fees by ten percent due to the "vagueness and incompleteness" of some of the entries), report & recommendation adopted,

5

2013 WL 1622713 (E.D.N.Y. Apr. 15, 2013); Tucker v. Mukasey, No. 03 CV 3106, 2008 WL 2544504, at *2 (S.D.N.Y. June 20, 2008) (reducing fees by thirty percent in part because some entries were vaguely worded or inconsistent); Marisol A. ex rel. Forbes v. Giuliani, 111 F. Supp. 2d 381, 396-97 (S.D.N.Y. 2000) (concluding that "the vagueness of some of the time records prevents the Court from determining why plaintiffs were required to expend so many hours on these tasks" and accounting for this factor by reducing fees by fifteen percent).

A fee applicant "bears the burden of supporting its claim of hours expended by accurate, detailed and contemporaneous time records." Santillan v. Henao, 822 F. Supp. 2d 284, 299 (E.D.N.Y. 2011) (citing N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1147–48 (2d Cir. 1983)). In support of their application, plaintiff's counsel submitted a time records summary.[3] (See O'Neill Decl., Ex. A.) In total, Mr. O'Neill billed 105.7 hours of work on this case, Mr. Solomon billed 69.8 hours, Mr. Federici billed 49.7 hours, and Ms. O'Neill billed 11.8 hours. (Id.)

After a thorough review, I conclude that a twenty percent reduction in each attorney's hours is warranted, due to some redundancies and ambiguities in the time entries. I

---

[3] Instead of supporting the fee request with actual time sheets, which contain privileged communications and information regarding other cases, plaintiff's counsel has submitted a summary based on the contemporaneous time records. (See O'Neill Decl. ¶ 15.) Although applications for attorney's fees generally must be supported by contemporaneous time records specifying "relevant dates, time spent and work done," Carey, 711 F.2d at 1147-48, courts recognize that "[a]ttorney affidavits which set forth all charges with the required specificity but which are reconstructions of the contemporaneous records satisfy [this requirement] and suffice to permit recovery of attorneys' fees," as do "typewritten transcriptions of the original handwritten time sheets filled out by attorneys." David v. Sullivan, 777 F. Supp. 212, 223 (E.D.N.Y. 1991); see also Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers, 34 F.3d 1148, 1160 (2d Cir. 1994) (typed summaries of hours drawn from contemporaneous time records, without submission of actual time records, was sufficient to support attorney's fees application).

therefore recommend that plaintiff be awarded $65,286 in attorney's fees (84.56 x $450 + 55.84 x $275 + 39.76 x $275 + 9.44 x $100).[4]

Defendants argue that a more substantial reduction is warranted because the attorney's fees sought are disproportionate to the ultimate settlement amount, and to settlement offers plaintiff rejected prior to trial. However, it is well settled that attorney's fees should not be reduced as a consequence of rejecting a settlement offer, absent a showing of bad faith. Siracuse v. Program for the Dev. of Human Potential, No. 07 CV 2205, 2012 WL 1624291, at *22 (E.D.N.Y. Apr. 30, 2012); Heng Chan v. Sung Yue Tung Corp., No. 03 CV 6048, 2007 WL 1373118, at *7 (S.D.N.Y. May 8, 2007) (citation omitted). As the Second Circuit has cautioned, "[a] district court should not rely on informal negotiations and hindsight to determine whether further litigation was warranted and, accordingly, whether attorney's fees should be awarded." Ortiz v. Regan, 980 F.2d 138, 140 (2d Cir. 1992). "Otherwise, plaintiffs with meritorious claims may be improperly dissuaded from pressing forward with their litigation." Id. at 140–41. Plaintiff's decision to reject a pre-trial settlement offer thus does not warrant a reduction in the attorney's fees awarded.

Nor is it proper to reduce plaintiff's attorney's fees merely because the requested fee award is larger than the final settlement amount. As an initial matter, the fact that plaintiff's pay may have been relatively low is not a proper basis for reducing plaintiff's attorney's fees award. See Baird v. Boies, Schiller & Flexner LLP, 219 F. Supp. 2d 510, 520 n.7 (S.D.N.Y.

---

[4] Plaintiff also requests compensation for 0.3 hours billed by an unidentified associate, at the hourly rate of $225. (O'Neill Decl. ¶ 8.) The time records do contain three entries by an attorney with the initials "TG" totaling one hour. (Id., Ex. A.) But in the absence of any information about that attorney's background or experience, I cannot recommend that this request be granted.

2002). Moreover, it is well established that a statutory fee award need not be proportional to the amount of damages recovered. See City of Riverside v. Rivera, 477 U.S. 561, 564-65, 574 (1986) (affirming attorney's fee award under 42 U.S.C. § 1988 that was approximately seven times greater than the amount of damages the plaintiffs were awarded); see also Gonzalez v. Scalinatella, Inc., 112 F. Supp. 3d 5, 10 (S.D.N.Y. 2015) (observing that "the clear thrust of case law in this Circuit rejects the need for an FLSA attorney's award of fees to be proportional to the success achieved for the client[,]" and collecting cases). Indeed, as courts have noted, "the fee provisions contained in the FLSA . . . were designed in part to secure legal representation for plaintiffs whose wage and hour grievances were too small, in terms of expected recovery, to create a financial incentive for qualified counsel to take such cases under conventional fee arrangements." Estrella v. P.R. Painting Corp., 596 F. Supp. 2d 723, 727 (E.D.N.Y. 2009), aff'd, 356 F. App'x 495 (2d Cir. 2009); see also Allende v. Unitech Design, Inc., 783 F. Supp. 2d 509, 511 (S.D.N.Y. 2011) ("In FLSA cases, like other discrimination or civil rights cases, the attorneys' fee need not be proportional to the damages plaintiffs recover, because the award of attorneys' fees in such cases encourages the vindication of Congressionally identified policies and rights.").

As to costs, courts may award "those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." Rhodes v. Davis, No. 08 CV 9681, 2015 WL 1413413, at *4 (S.D.N.Y. Mar. 23, 2015) (quoting LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 763 (2d Cir. 1998), aff'd, 628 F. App'x 787 (2d Cir. 2015). Counsel incurred expenses totaling $2,502.41, consisting of the $400 filing fee, $309.57 for photocopies, $1,791.90 for deposition transcripts, and $0.94 for postage. (O'Neill Decl. ¶¶ 20-21.) I find these costs reasonable and recommend that the request be granted. See, e.g., Hui Lan Weng v. Fancy Lee

Sushi Bar & Grill, Inc., No. 15 CV 5737, 2017 WL 5564892, at *3 (E.D.N.Y. Nov. 3, 2017 ("Court filing fees, process servers, printing and photocopying, messenger services, postage, telephone costs, transcripts, travel, transportation, meals and other '[o]ut of pocket litigation costs are generally recoverable if they are necessary for the representation of the client.'") (quoting AW Indus., Inc. v. Sleep Well Mattress, Inc., No. 07 CV 3969, 2009 WL 485186, at *6 (E.D.N.Y. Feb. 26, 2009)), report & recommendation adopted, 2017 WL 5564593 (E.D.N.Y. Nov. 18, 2017).

   Finally, plaintiff requests compensation for the five hours Mr. O'Neill spent preparing the fee application and a motion for judgment on the settlement agreement. This amounts to $2,250, which is reasonable. See, e.g., Tran v. Tran, 166 F. Supp. 2d 793, 804 (S.D.N.Y. 2001) ("[A]n attorney's time spent preparing an application for attorney's fees is compensable[.]") (citing Carey, 711 F.2d at 1148). I therefore recommend that plaintiff be awarded an additional $2,250.

## CONCLUSION

For the reasons stated above, I respectfully recommend that plaintiff be awarded $65,286 in attorney's fees, $2,502.41 in costs, and $2,250 for time spent preparing the fee application and motion for judgment, for a total of $70,038.41.  Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with courtesy copies to Judge Amon and to my chambers, within fourteen (14) days.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(d).

Respectfully submitted,

_____/s/_____
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
       December 19, 2017