UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

MASSIMILIANO LUONGO,

        **Case No.:**

    Plaintiff,      **1:13-cv-7420 (CBA) (RML)**

  v.

44-37 RESTAURANT CORP., THE RUSSO'S
PAYROLL GROUP, INC., and FRANK RUSSO,

      Defendants.
-------------------------------------------------------------X

**DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE ROBERT M. LEVY'S
DECEMBER 19, 2017 REPORT & RECOMMENDATION GRANTING PLAINTIFF'S
<u>MOTION FOR ATTORNEYS' FEES</u>**

          **MILMAN LABUDA LAW GROUP PLLC**

          Joseph M. Labuda, Esq.
          Emanuel Kataev, Esq.
          Attorneys for Defendants
          3000 Marcus Avenue, Suite 3W8
          Lake Success, NY 11042-1073
          (516) 328-8899 (office)
          (516) 328-0082 (facsimile)

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................1

FACTS ..............................................................................................................2

STANDARD OF REVIEW ...................................................................................4

ARGUMENT .....................................................................................................4

    POINT ONE .................................................................................................4

    THE HOURLY RATES RECOMMENDED ARE UNREASONABLE ..............4

    i. O'Neill's $450.00 Proposed Rate is Too High Given His Lack of FLSA
    Experience ....................................................................................................5

    ii. Solomon and Federici ...............................................................................7

    POINT TWO ..................................................................................................7

    THE R&R FAILED TO ACCOUNT FOR O'NEILL'S LACK OF SUCCESS ....7

    POINT THREE ............................................................................................11

    O'NEILL FAILED TO SUBMIT CONTEMPORANEOUS RECORDS ..........11

    POINT FOUR ..............................................................................................13

    THE R&R FAILED TO CONSIDER PRIOR REJECTED OFFERS ..............13

    POINT FIVE ................................................................................................14

    JUDGE LEVY ERRED IN ORDERING DEFENDANTS TO REDACT
    SETTLEMENT DISCUSSIONS AT MEDIATION ...................................14

CONCLUSION ................................................................................................16

# TABLE OF AUTHORITIES

**Cases**

Alvarado v. Five Town Car Wash Inc.,
2015 U.S. Dist. LEXIS 123057 (E.D.N.Y. July 23, 2015) ............................................. 15

Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany,
522 F.3d 182 (2d Cir. 2008).......................................................................................... 7

Barfield v. N.Y. City Health & Hosps. Corp.,
537 F.3d 132 (2d Cir. 2008)...................................................................................... 7, 8, 9

Bd. of Trs. of the S. Cal. IBEW-NECA Defined Contribution Plan,
2013 U.S. Dist. LEXIS 42950 .......................................................................................... 13

Bedasie v. Z Towing, Inc.,
2017 U.S. Dist. LEXIS 43973 (E.D.N.Y. Mar. 24, 2017) ............................................. 15

Bodon v. Domino's Pizza, LLC,
No. 09-CIV.-2941 (SLT) (RLM), 2015 WL 3889577 (E.D.N.Y. Jun. 4, 2015) ............... 5

Bodon v. Domino's Pizza, LLC,
No. 09-CIV.-2941 (SLT) (RLM), 2015 WL 3902405 (E.D.N.Y. Jun. 24, 2015) ............. 5

Bond v. Welpak Corp.,
No. 15-CIV.-2403 (JBW) (SMG), 2017 WL 4325819 (E.D.N.Y. Sept. 26, 2017) .......... 12

Boutros v. JTC Painting & Decorating Corp.,
989 F. Supp. 2d 281 (S.D.N.Y. 2013).............................................................................. 14

Carrion v. AGFA Constr. Inc.,
No. 10-CIV.-3327 (BMC), 2011 WL 13128123 (E.D.N.Y. Nov. 10, 2011)...................... 7

Carrion v. Agfa Const., Inc.,
720 F.3d 382 (2d Cir. 2013)............................................................................................ 7

Casper v. Lew Lieberbaum & Co.,
182 F. Supp. 2d 342 (S.D.N.Y. 2002)....................................................................... 10, 11

Cazarez v. Atl. Farm & Food Inc.,
No. 15-CIV.-2666 (CBA) (RML), 2017 WL 3701687 (E.D.N.Y. May 31, 2017)........... 11

Cazarez v. Atl. Farm & Food Inc.,
No. 15-CIV.-2666 (CBA) (RML), 2017 WL 3701479 (E.D.N.Y. Aug. 25, 2017) .......... 11

Custodio v. Am. Chain Link & Const., Inc.,
    No. 06-CIV.-7148 (GBD), 2014 WL 116147 (S.D.N.Y. Jan. 13, 2014) ........................... 7

David v. Sullivan,
    777 F. Supp. 212 (E.D.N.Y. 1991) ................................................................................ 12

Falleson v. Paul T. Freund Corp.,
    736 F. Supp. 2d 673 (W.D.N.Y. 2010) ........................................................................ 13

Farrar v. Hobby,
    506 U.S. 103 (1992) .................................................................................................. 7, 8

Febus v. Guardian First Funding Group, LLC,
    870 F. Supp. 2d 337 (S.D.N.Y. 2012) ......................................................................... 10

Gao v. Perfect Team Corp.,
    2017 U.S. Dist. LEXIS 5028 (E.D.N.Y. Jan. 11, 2017) ................................................ 15

Guardado v. 13 Wall St., Inc.,
    2016 U.S. Dist. LEXIS 167887 (E.D.N.Y. Dec. 2, 2016) ............................................. 15

Hall v. Prosource Techs., LLC,
    No. 14-CIV.-2502, 2016 WL 155128 (E.D.N.Y. Apr. 11, 2016) ..................................... 6

Haworth v. Nevada,
    56 F.3d 1048 (9th Cir. 1995) ..................................................................................... 13

Heng Chan v. Sung Yue Tung Corp.,
    No. 03-CIV.-6048 (GEL), 2007 WL 1373118 (S.D.N.Y. May 8, 2007) ........................... 9

Hensley v. Eckerhart,
    461 U.S. 424 (1983) .................................................................................................... 12

Kassim v. City of Schenectady,
    415 F.3d 246 (2d Cir. 2005) ......................................................................................... 9

Larrea v. FPC Coffees Realty Co.,
    No. 15-CIV.-1515 (RA), 2017 WL 1857246 (S.D.N.Y. May 5, 2017) ........................... 15

Levy v. Powell,
    No. 00-CIV.-4499 (SJF), 2005 WL 1719972 (E.D.N.Y. July 22, 2005) ........................... 9

Maldonado v. Bistro 1285 Inc.,
    2013 U.S. Dist. LEXIS 70815 (S.D.N.Y. May 13, 2013) ............................................... 6

Moriarty v. Svec,
     233 F. 3d 955 (7th Cir. 2000) ........................................................................ 13

Murray v. Comm'r of N.Y. Dep't of Educ.,
     354 F. Supp. 2d 231 (E.D.N.Y. 2005) .......................................................... 6

New York State Ass'n for Retarded Children, Inc. v. Carey,
     711 F.2d 1136 (2d Cir. 1983).......................................................................... 12

Ortiz v. Prestige Kitchen Design, Inc.,
     2013 U.S. Dist. LEXIS 135866 (E.D.N.Y. Sept. 23, 2013)....................... 13, 15

Ortiz v. Reagan,
     980 F.2d 138 (2d Cir. 1992)............................................................................ 8

Rivera v. Barnhart,
     423 F. Supp. 2d 271 (S.D.N.Y. 2006)............................................................ 4

Rondout Valley Cent. Sch. Dist. v. Coneco Corp.,
     321 F. Supp. 2d 469 (N.D.N.Y. 2004) .......................................................... 16

Sanchez v. I&A Rest. Corp.,
     No. 14-CIV.-726 (DF), 2017 U.S. Dist. LEXIS 81240 (S.D.N.Y. May 22, 2017) ........... 9

Sass v. MTA Bus Co.,
     6 F. Supp. 3d 238, 263 ............................................................................... 5, 7

Siracuse v. Program for the Dev. Of Human Potential,
     No. 07-CIV.-2205 (CLP), 2012 WL 1624291 (E.D.N.Y. Apr. 30, 2012)....................... 9

Scott v. City of New York,
     626 F.3d 130 (2d Cir. 2010)............................................................................ 12

Smart v. City of New York,
     No. 15-CIV.-1405, 2017 WL 933080 (E.D.N.Y. Feb. 17, 2017) ....................... 5

Thomas v. City of New York,
     No. 14-CIV.-7513, 2017 WL 6033532 (E.D.N.Y. Dec. 1, 2017)...................... 5

Tlacoapa v. Carregal,
     386 F. Supp. 2d 362 (S.D.N.Y. 2005).......................................................... 7

Velasquez v. Digital Page, Inc.,
     124 F. Supp. 3d 201 (E.D.N.Y. 2015) .......................................................... 10

*Wallert*,

    2015 U.S. Dist. LEXIS 13958 ........................................................................ 14

*Wyant v. Allstate Indem. Co.*,

    2009 U.S. Dist. LEXIS 111663 (W.D. Wash. Nov. 18, 2009) ......................................... 13

*Yea Kim v. 167 Nail Plaza, Inc.*,

    No. 05-CIV.-8560 (GBD) (GWG), 2009 WL 77876 (S.D.N.Y. Jan. 12, 2009)........ 5, 6, 7

**Statutes**

28 U.S.C. § 636.................................................................................................... 4, 5

**Rules**

Fed. R. Civ. P. 68.................................................................. 2, 3, 9, 10, 13, 14, 15

Fed. R. Civ. P. 72.............................................................................................. 1, 4, 5

Local Civil Rule 83.8......................................................................................... 15

**Treatises**

11 CHARLES A. WRIGHT & ARTUR R. MILLER & MARY KAY KANE, FEDERAL
    PRACTICE AND PROCEDURE § 2885 (2d ed. 1995) ...................................... 16

**Other**

Black's Law Dictionary at 1324 (9th ed. 2009)........................................................... 14

<u>**PRELIMINARY STATEMENT**</u>

The Law Office of Michael G. O'Neill (hereinafter "O'Neill Law" or "Plaintiff's counsel") dragged this simple wage and hour case through the pleadings and discovery stages using two (2) different associates each of whom had to ramp up on the file. When O'Neill Law forced this case to trial by maintaining unreasonable settlement demands as high as $204,000.00 and unscrupulously set forth sky-high attorneys' fees incurred, Mr. O'Neill had to ramp up on the file himself. After all was said and done (and before the trial was even over), Plaintiff accepted a settlement of $45,500.00 (which was less than what Defendants offered before trial and less than half of what Plaintiff originally demanded). Now, O'Neill Law submitted its motion for attorneys' fees seeking nearly double that amount.

This case should serve as a classic textbook example of how <u>not</u> to bring a matter to trial. Plaintiff's attorneys should not be rewarded for getting his client a settlement they could have achieved years earlier, at great expense in both cost and time due to: (i) their own litigation missteps; (ii) poor litigation risk assessment; or (iii) to improperly churn fees. Plaintiff's counsel stands guilty of all three improprieties. In that regard, Magistrate Judge Robert M. Levy's (hereinafter "Judge Levy") Report and Recommendation dated December 19, 2017 granting Plaintiff's motion for attorneys' fees and costs for $70,038.41 (hereinafter the "R&R") warrants a substantial reduction in attorneys' fees.

Defendants 44-37 Restaurant Corp. (hereinafter "Giardino's"), The Russo's Payroll Group, Inc. (hereinafter "RPG"), and Frank Russo (hereinafter "Russo") (Giardino's, RPG, and Russo collectively hereinafter the "Defendants") object to the R&R pursuant to Rule 72(b) of the Federal Rules of Civil Procedure.

1

Defendants respectfully submit that the R&R clearly erred in its findings of fact and that the R&R is contrary to well-established law in the Second Circuit (and, indeed, contrary to the Magistrate's own prior decisions) because it:

> **(a)** unreasonably awards a rate of $450.00 per hour to Plaintiff's counsel, Michael O'Neill;
> **(b)** fails to take into account Plaintiff's utter lack of success in this case and otherwise failed to weigh the factors relevant in determining the reasonableness of the hourly rates and the number of hours expended;
> **(c)** ignores well-settled law requiring the submission of contemporaneous time records and an analysis of rejected settlement and Rule 68 offers compared to the ultimate recovery;
> **(d)** ignores substantial case law requiring the review of prior rejected offers in determining the reasonableness of an attorneys' fee award; and
> **(e)** ordered Defendants to redact purportedly confidential written and oral communications made during the course of a mediation despite the fact that the merits of the case had been settled and courts are required to review prior settlement offers to determine the appropriate amount of attorneys' fees to award.

For these reasons, and those discussed further below, this Court should further reduce Plaintiff's counsel's fee award to no more than $15,166.67, i.e., one third of Plaintiff's recovery.

## FACTS

Defendants respectfully incorporate by reference the facts set forth in their memorandum of law in opposition to Plaintiff's motion for attorneys' fees. <u>See</u> Docket Entry 80. A brief summary, however, follows.

This single-Plaintiff wage and hour case, which consisted of a few depositions, standard paper discovery, and no experts, needlessly dragged on when it should have settled a long time ago. O'Neill's associate Aaron Solomon originally handled the case through initial discovery. When Solomon left, O'Neill's new associate Benjamin Federici completed discovery and submitted the joint pretrial Order. O'Neill finally got involved in the case once Federici left, resulting in three (3) separate attorneys' ramping up on the file.

In August and October 2014, during discovery, Plaintiff sought damages totaling $91,414.39. <u>See</u> Docket Entry 81 ¶¶ 3-4, <u>Exs.</u> A and B.

In December 2014, Plaintiff sought $185,000.00 inclusive of attorneys' fees to settle the case. In March 2017, Plaintiff sought $160,000.00 inclusive of attorneys' fees or $125,000.00 plus reasonable attorneys' fees. Id. at ¶ 31, Ex. F at 2:21:3:3. In May 2017, Defendants submitted an offer of judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure in the amount of $35,000.00 plus interest (totaling $56,385.48), costs, and reasonable attorneys' fees incurred by Plaintiff through the date of the offer. Id. at ¶ 19, Ex. C.

Before trial, on June 21, 2017, Plaintiff demanded $204,000.00 (comprised of $134,000.00 in wages and $70,000.00 in attorneys' fees) to settle the case. Defendants countered with $110,000.00 (with $50,000.00 to the Plaintiff and $60,000.00 in attorneys' fees) on the same day. The case settled for $45,500.00 plus reasonable attorneys' fees on June 27, 2017. Id. at ¶ 23.

On December 19, 2017, Judge Levy granted Plaintiff's motion for attorneys' fees after reducing Plaintiff's requested fees by twenty percent (20%) to $70,038.41 in fees and costs. See Docket Entry 83. The R&R incorrectly found O'Neill to be an "experienced" litigator in FLSA cases. Nothing could be further from the truth, as O'Neill has very little FLSA experience, which warrants a substantial reduction in his rate from $450.00 to $250.00 per hour. Id. The R&R also awarded high rates for associates despite any evidence as to their FLSA experience. Id.

The R&R also declined to reduce his award of attorneys' fees to O'Neill Law on account of his utter lack of success as compared to the amount of damages sought. Id. at 7. The R&R concluded that a twenty percent reduction was warranted in O'Neill's requested fees due to some redundancies and ambiguities in the time entries. Id. at 6. The R&R also inappropriately excused O'Neill Law's failure to submit accurate, detailed, and contemporaneous time records as compared to the amount of damages sought. Id. at 6 n. 3.

Accordingly, Defendants object to the R&R on the grounds that the recommended hourly rates are unreasonable, it fails to account for Plaintiff's lack of success, inappropriately excuses well-settled law requiring contemporaneous records without any valid justification, fails to account for rejected offers by Plaintiff, and refused to consider settlement offers from the Court Ordered mediation in this case.

## STANDARD OF REVIEW

"A district court may designate a magistrate judge to 'hear and determine any pretrial matter pending before the court....'" See 28 U.S.C. § 636(b)(1)(A).  A party may serve and file objections within fourteen days to a Magistrate Judge's R&R.  See Fed. R. Civ. P. 72(b).[1]

The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. See 28 U.S.C. § 636(b)(1)(C). When there are objections to the Report, the Court must make a *de novo* determination of those portions of the Report to which objections are made. Id.; see also Rivera v. Barnhart, 423 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. See Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C).

## ARGUMENT

## POINT ONE

## THE HOURLY RATES RECOMMENDED ARE UNREASONABLE

The R&R improperly recommended an hourly rate of $450.00 per hour for O'Neill.  In particular, the R&R erred in its analysis of O'Neill's experience and of how much a paying client would be willing to pay for his services.

---

[1] This Court granted the parties an extension of time to file and serve their respective Objections on or before January 5, 2018.  See Text Only Order dated December 29, 2017.

### i. O'Neill's $450.00 Proposed Rate is Too High Given His Lack of FLSA Experience

The R&R recommended a rate of $450.00 per hour for O'Neill citing cases that highly experienced attorneys may receive a higher rate. This was inappropriate because the R&R should have analyzed O'Neill's experience in handling FLSA cases rather than his overall experience. In reality, O'Neill has very little experience in FLSA cases (eight (8) in total) and should have received the rate of a second-year associate given his lack of experience in FLSA matters.

Specifically, the R&R inappropriately considered O'Neill's overall years of experience and his handling of hundreds of civil rights cases without examining the amount of FLSA and NYLL cases O'Neill handled and his relative lack of experience handling such cases. See Docket Entry 80 at 14-15; see also Docket Entry 84 at ¶ 27, Ex. E (revealing that a search on PACER shows that of 158 cases filed by O'Neill Law from 1995 until present, **eight (8)** of those cases are FLSA cases); Yea Kim v. 167 Nail Plaza, Inc., No. 05-CIV.-8560 (GBD) (GWG), 2009 WL 77876, at *2 (S.D.N.Y. Jan. 12, 2009) (considering amount of experience attorneys had in FLSA matters when determining appropriate fee award in FLSA case). In that regard, the R&R's reliance on O'Neill's award of $425.00 per hour in Sass v. MTA Bus Co. (a civil rights case) is misplaced.

Indeed, in the other case the R&R relied on to support O'Neill's hourly rate, Bodon v. Domino's Pizza, LLC, the court there specifically evaluated both partners' experience handling labor and employment law (FLSA/NYLL) matters. See No. 09-CIV.-2941 (SLT) (RLM), 2015 WL 3889577, at *7-*8 (E.D.N.Y. Jun. 4, 2015), report and recommendation adopted sub nom. Bodon v. Domino's Pizza, Inc., No. 09-CIV.-2941 (SLT) (RLM), 2015 WL 3902405 (E.D.N.Y. June 24, 2015). The court in Bodon did not simply consider the attorneys' experience as a whole. As a result, the R&R erred in considering O'Neill's overall experience without considering his extremely limited FLSA experience.

An analysis as to how much a paying client would be willing to pay for O'Neill's services fares no better in justifying recommending the top rate of $450.00 per hour.  Indeed, the R&R only leaves one guessing as to what role any such analysis played in the recommendation.  Plaintiff never produced his retainer agreement or the actual billing records, so it is unknown what hourly rate Plaintiff would have been willing to pay, and O'Neill failed to identify what the Plaintiff in this case specifically agreed to pay.  Accordingly, this factor does not justify a rate of $450.00 per hour.

Courts also consider the complexity of a case in determining a reasonable rate.  See Yea Kim, 2009 WL 77876, at *1 ("In conducting that inquiry, [it was] noted that plaintiff's case 'was procedurally simple in comparison with many wage or employment cases'").  This was a basic and routine wage and hour dispute that did not require extensive legal knowledge or analysis.  As a result, the lack of complexity in this case also fails to justify a rate of $450.00 per hour.  In addition, the R&R failed to recognize that O'Neill Law is a small firm with limited overhead, a fact which is not in dispute.  Yet, the R&R awarded O'Neill an hourly rate at the top of the spectrum of the range of reasonable hourly rates, typically reserved for large firms with higher overhead.  See Murray v. Comm'r of N.Y. Dep't of Educ., 354 F. Supp. 2d 231 (E.D.N.Y. 2005) (noting that hourly rates tend to be higher at large firms to compensate for higher overhead costs); see also Maldonado v. Bistro 1285 Inc., 2013 U.S. Dist. LEXIS 70815, 11-12 (S.D.N.Y. May 13, 2013) ("In light of the straightforward nature of this case… and awards in similar cases, $250.00 is a reasonable hourly rate").

For these reasons, the R&R should be set aside and this Court should find a reasonable hourly rate for O'Neill of no more than $250.00 per hour.

### ii. Solomon and Federici

Plaintiff's counsel provided insufficient information about the FLSA experience of Messrs. Solomon and Federici, warranting a rejection or a substantial reduction of the application for fees for their work. See Custodio v. Am. Chain Link & Const., Inc., No. 06-CIV.-7148 (GBD), 2014 WL 116147, at *2 (S.D.N.Y. Jan. 13, 2014) ("It was also proper … to recommend the rejection of the application for fees for the other attorneys and paralegals because there was insufficient information regarding their qualifications and experience"); see also Yea Kim, 2009 WL 77876, at *9 (reducing attorneys' fees for attorneys and paralegals where "no information has been provided as to '[their] experience, reputation and ability'" from $624,037.80 to $181,573.80) (citing Arbor Hill, 522 F.3d at 186 n. 3; Tlacoapa v. Carregal, 386 F. Supp. 2d 362, 370 (S.D.N.Y. 2005)).  In fact, the R&R relied on Sass v. MTA Bus Co. (the same civil rights case) to support Solomon's hourly rate, and issued Federici the same exact hourly rate despite the fact he has substantially less experience than Solomon and was only awarded $175.00 per hour in an April 2015 FLSA case.  Accordingly, the recommendation of $275.00 per hour for Solomon and Federici should be rejected and reduced to $125.00 per hour on the grounds that O'Neill failed to provide sufficient information, improperly relied on Solomon's previous awarded rate in a civil rights case, and failed to recognize Federici's substantially lower rate in a recent FLSA case.

## POINT TWO

## THE R&R FAILED TO ACCOUNT FOR O'NEILL'S LACK OF SUCCESS

In determining reasonable attorneys' fees, a Court must account for the degree of success obtained by the plaintiff.  See Barfield v. N.Y. City Health & Hosps. Corp., 537 F.3d 132, 152 (2d Cir. 2008); see also Farrar v. Hobby, 506 U.S. 103, 114 (1992).

However, the R&R completely ignored this important factor warranting a substantial reduction in fees due to the low degree of success obtained by Plaintiff.  See Carrion v. AGFA Constr. Inc., No. 10-CIV.-3327 (BMC), 2011 WL 13128123, at *10 (E.D.N.Y. Nov. 10, 2011), aff'd sub nom. Carrion v. Agfa Const., Inc., 720 F.3d 382 (2d Cir. 2013) (reducing O'Neill Law's fees by a further fifty-five percent (55%) after reducing hours solely related to work performed on unsuccessful and non-compensable claims on account of the plaintiff's lack of success after a jury verdict partly in plaintiff's favor).

In Barfield, the Second Circuit held that it was mindful of the Supreme Court's observation that "the most critical factor" in a district court's determination of what constitutes reasonable attorney's fees in a given case "is the degree of success obtained" by the plaintiff. See 537 F.3d at 152 (citing Farrar, 506 U.S. at 114).  The comparison between the quantity and quality of relief obtained and what the plaintiff sought to achieve "promotes the court's 'central' responsibility to 'make the assessment of what is a reasonable fee under the circumstances of the case." Id.  The R&R's reliance on Ortiz v. Reagan, 980 F.2d 138 (2d Cir. 1992), is inappropriate for several reasons.

First, Second Circuit law and analysis concerning attorneys' fees has substantially changed since Ortiz.  The 2008 Barfield decision by the Second Circuit clearly requires an assessment of the degree of success to determine reasonable attorneys' fees.  Barfield overrules Ortiz.

Second, Ortiz is not an FLSA case (rather, a civil rights case) and its analysis is different than a fee analysis under the FLSA.  "A district court's assessment of the degree of success achieved in a case is not limited to inquiring whether a plaintiff prevailed on individual claims," rather "[b]oth the quantity and quality of relief obtained, **as compared to what the plaintiff sought to achieve** … are **key factors** in determining the degree of success achieved." See

Sanchez v. I&A Rest. Corp., No. 14-CIV.-726 (DF), 2017 U.S. Dist. LEXIS 81240, at *16-17 (S.D.N.Y. May 22, 2017) (emphasis added) (quoting Barfield, 537 F.3d at 152).

Here, O'Neill Law's fees must be substantially reduced in light of Plaintiff's lack of success. It is beyond dispute that Plaintiff was largely unsuccessful in his claims. At the outset of the case, Plaintiff initially sought $91,414.39 in damages. Later, Plaintiff's demand increased to as high as $134,000.00 just days before trial. In the end, Plaintiff accepted a settlement of $45,500.00 during the trial, which demonstrates a substantial lack of success from the amount sought before the trial.

"Although the amount of attorney's fees awarded may exceed the amount of damages ultimately recovered by the plaintiff, the court must consider the amount of damages awarded in evaluating the reasonableness of a claim for attorneys' fees." See Levy v. Powell, No. 2005 WL 1719972, at 6 (E.D.N.Y. July 22, 2005) (emphasis added); see also Kassim v. City of Schenectady, 415 F.3d 246, 254 (2d Cir. 2005) (recognizing that the **primary consideration** is the amount of damages awarded as compared to the amount sought when determining a percentage deduction of fees **due to lack of success**) (emphasis added).

Plaintiff ultimately recovered less than half of what he sought, and received at least $10,000.00 less than what he would have received if he had accepted the May 2017 Rule 68 offer (which would have amounted to $56,385.48 with interest). See Docket Entry 83 at 9 n. 3. This lack of success must be factored into the fee analysis. Further, Plaintiff unnecessarily took his case to trial with no apparent upside which unreasonably increased his total attorneys' fees and decreased his overall recovery.

Courts properly examine and scrutinize a plaintiff's attorney's settlement posture throughout the litigation to determine the appropriate amount of reasonable attorneys' fees.

9

Indeed, courts even evaluate mistakes made by the plaintiff's attorney which diminish the likelihood of settlement.  See Velasquez v. Digital Page, Inc., 124 F. Supp. 3d 201 (E.D.N.Y. 2015) (Wexler, J.); see also Casper v. Lew Lieberbaum & Co., 182 F. Supp. 2d 342, 352–53 (S.D.N.Y. 2002).

In Digital Page, the court found that despite an offer of judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure, the "litigation proceeded with abandon."  As a result, because the plaintiffs in that case could have received effectively the same relief offered four months into the litigation years later, plaintiff's counsel's request for an award of nearly $280,000.00 was reduced to $20,000.00.   In doing so, the court in Digital Page held:

> In light of the **limited** success obtained here, where it has been agreed that the nine plaintiffs will be paid 100% of unpaid overtime and 50% of liquidated damages, which is essentially the same as offered in the early stages of the case, but in light of the need to encourage attorneys to litigate cases such as these, the Court finds it reasonable to double the value of what would be a contingency fee award in this case.

See Digital Page, 124 F. Supp. 3d at 205 (emphasis added); see also Febus v. Guardian First Funding Group, LLC, 870 F. Supp. 2d 337 (S.D.N.Y. 2012) (holding that public policy weighs in favor of an award of one-third of the recovery as reasonable).  In this case, if the Court were to use the same analysis as Judge Wexler in Digital Page, the attorneys' fees would be $30,333.34.

In Casper, the court substantially reduced the attorneys' fees by 83.3% of the original amount sought and engaged in a mistake-by-mistake analysis of plaintiff's counsel's strategy which prevented the case from achieving any reasonable settlement, forcing the case to trial with no reasonable goal of achieving a good result for the plaintiffs there.  See 182 F. Supp. 2d at 352-53 ("Even now, Chan does not appear to appreciate the straitjacket created by her litigation approach [as she] made a number of errors which made settlement an unlikely result").

10

The same reasoning in <u>Casper</u> holds true with the present case.  Plaintiff and his counsel demanded unattainable sums which forced this case to trial.  Plaintiff's attorney should not be rewarded for holding untenable settlement positions and improperly assessing the litigation risks.

Accordingly, the R&R misapplied substantial case law requiring an analysis of the quantity and quality of relief obtained ($45,500.00), as compared to what the plaintiff sought to achieve ($134,000.00) as key factors in determining <u>reasonable</u> attorneys' fees.

## POINT THREE

## O'NEILL FAILED TO SUBMIT CONTEMPORANEOUS RECORDS

The R&R plainly and correctly states that the fee applicant bears the burden of supporting its claim of hours expended by accurate, detailed, and contemporaneous time records.  <u>See</u> Docket Entry 83 at 6 (<u>citing</u> <u>Cazarez v. Atl. Farm & Food Inc.</u>, No. 15-CIV.-2666 (CBA) (RML), 2017 WL 3701687, at *7 (E.D.N.Y. May 31, 2017), <u>report</u> <u>and</u> <u>recommendation</u> <u>adopted</u>, No. 15-CIV.-2666 (CBA) (RML), 2017 WL 3701479 (E.D.N.Y. Aug. 25, 2017) (An application for  attorney's fees **<u>must</u>** be supported by "**<u>contemporaneous</u>** time records" that "specify, for each attorney, the date, the hours expended, and the nature of the work done") (Levy, J.) (emphasis added)).  However, instead of following the law, the R&R excuses O'Neill's admitted failure to provide contemporaneous time records and awards an astounding $70,000.00 in legal fees based on a summary made after the fact!  The Second Circuit specifically held that contemporaneous time records are a prerequisite to the application for attorneys' fees:

> However unfair it would be to rule retroactively that plaintiffs' attorneys should have kept better records in the past, the difficulties raised by the lack of contemporaneous records in this case convince us of the need to announce for the future that contemporaneous time records are a <u>prerequisite</u> for attorney's fees in this Circuit

See New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1147 (2d Cir. 1983) (emphasis added) (citing Hensley v. Eckerhart, 461 U.S. 424 (1983)).  This has been the law of the land for over thirty (30) years and O'Neill Law is not above this requirement.  O'Neill failed to meet it, and "[f]ailure to do so results in denial of the motion for fees."  See Bond v. Welpak Corp., No. 15-CIV.-2403 (JBW) (SMG), 2017 WL 4325819, at *4 (E.D.N.Y. Sept. 26, 2017) (citation omitted); see also Scott v. City of New York, 626 F.3d 130, 133-34 (2d Cir. 2010) ("Carey establishes a **strict** rule from which attorneys may deviate only in the **rarest** of cases.... such as where the records were consumed by **fire** or **rendered irretrievable** by a computer malfunction before counsel had an opportunity to prepare his application.") (emphasis added).

In order to excuse O'Neill's failure to provide contemporaneous records, the R&R relies on David v. Sullivan (an Equal Access to Justice Act case, not an FLSA case).  See 777 F. Supp. 212 (E.D.N.Y. 1991).  There, the court allowed plaintiffs' counsel to submit typewritten records which they swore were transcriptions of contemporaneous time records.  However, the Second Circuit, in Scott v. City of New York, recently explained (in 2010) the repercussions for the failure of an attorney to submit contemporaneous time records: **the fee application is denied**.  See 626 F.3d at 133-34.  Again, the law in the Second Circuit has consistently required the submission of contemporaneous time records.

O'Neill Law did not submit typewritten records which were transcriptions of contemporaneous time records.  In fact, he spent five (5) hours recreating his time records after the fact because he failed to keep contemporaneous records as required, and admits that he failed to do so in his affidavit.  This is not the rare case in which the records were consumed by fire or rendered irretrievable.

Accordingly, the R&R must be set aside and O'Neill Law's motion for attorneys' fees should be denied in its entirety or, alternatively, be substantially reduced to reflect the lack of contemporaneous records.

## POINT FOUR

## THE R&R FAILED TO CONSIDER PRIOR REJECTED OFFERS

The R&R also improperly declined to consider prior rejected offers made by Defendants to resolve the case.  In determining reasonable fees, courts must take into account Rule 68 Offers of Judgment and reasonable settlement offers made by defendants (even if not for full relief) that are rejected by plaintiff attorneys that result in a windfall to the plaintiff's attorneys. See Ortiz v. Prestige Kitchen Design, Inc., 2013 U.S. Dist. LEXIS 135866 (E.D.N.Y. Sept. 23, 2013) (Wexler, J.) (in FLSA case, directing parties to provide the Court all information concerning what, if any, offers or demands were made in this case, and at what juncture in the litigation). See Bd. of Trs. of the S. Cal. IBEW-NECA Defined Contribution Plan, 2013 U.S. Dist. LEXIS 42950 at 29; Falleson v. Paul T. Freund Corp., 736 F. Supp. 2d 673 (W.D.N.Y. 2010) (reducing fee because the efforts expended were grossly out of proportion to the ultimate settlement of the matter because early in the litigation, defendant made an Offer of Judgment to settle the matter for the same amount the case settled for five years later after which time plaintiff's counsel had generated fees five times greater than they were at the time the Offer of Judgment was made); see also Moriarty v. Svec, 233 F. 3d 955, 967 (7th Cir. 2000); Haworth v. Nevada, 56 F.3d 1048, 1050 (9th Cir. 1995); Wyant v. Allstate Indem. Co., 2009 U.S. Dist. LEXIS 111663 (W.D. Wash. Nov. 18, 2009) (refusing to reward counsels' tactic of padding their hours after an offer of judgment was accepted and plaintiff's counsel spent excessive hours continuing the litigation).

As discussed *supra*, in this case, Plaintiff would have received $56,385.48 if he accepted the May 2017 Rule 68 Offer, which exceeds the amount he received under the settlement in June 2017. Plaintiff and his counsel should not be rewarded by improperly taking a case to trial and claiming fees.

"Further, if the plaintiff cannot establish greater damages than those offered by the defendant, under Rule 68, he will be obligated to compensate that defendant for "the costs [it] incurred after the offer was made." See Wallert, 2015 U.S. Dist. LEXIS 13958 at 2 (citing Boutros v. JTC Painting & Decorating Corp., 989 F. Supp. 2d 281, 286 n.2 (S.D.N.Y. 2013)).

The R&R's analysis completely fails to account for this important factor which without question would have provided Plaintiff with greater relief quicker and at less cost in both time and money. Accordingly, the R&R must be rejected because it fails to consider prior rejected offers.

## POINT FIVE

### JUDGE LEVY ERRED IN ORDERING DEFENDANTS TO REDACT SETTLEMENT DISCUSSIONS AT MEDIATION

On October 27, 2017, following a fully briefed Order to Show Cause, Judge Levy ordered Defendants to redact purportedly confidential written and oral communications made during the course of a mediation. See Text Only Order dated October 27, 2017. Mediation is designed to allow parties to fully explore settlement without fear that anything said or exchanged during the mediation may be used against a party on the merits of a party's claims.

A motion for attorneys' fees, however, does not pertain to the merits of a party's claims. The determination of a motion for attorneys' fees does not constitute a "proceeding." See Black's Law Dictionary at 1324 (9th ed. 2009) (defining proceeding as the "regular and orderly progression of a lawsuit, including all acts and events between the time of commencement and the entry of judgment").

14

Indeed, courts routinely decide the amount of reasonable statutory attorneys' fees after entering judgment concerning FLSA claims. See Bedasie v. Z Towing, Inc., 2017 U.S. Dist. LEXIS 43973 (E.D.N.Y. Mar. 24, 2017); Gao v. Perfect Team Corp., 2017 U.S. Dist. LEXIS 5028 (E.D.N.Y. Jan. 11, 2017); Alvarado v. Five Town Car Wash Inc., 2015 U.S. Dist. LEXIS 123057 (E.D.N.Y. July 23, 2015); Guardado v. 13 Wall St., Inc., 2016 U.S. Dist. LEXIS 167887 (E.D.N.Y. Dec. 2, 2016). "Where plaintiffs obtain a favorable settlement in an action brought pursuant to the FLSA, they constitute prevailing parties and are entitled to attorney's fees." See Larrea v. FPC Coffees Realty Co., No. 15-CIV.-1515 (RA), 2017 WL 1857246, at *5 (S.D.N.Y. May 5, 2017).

In determining reasonable fees, courts must take into account Rule 68 Offers of Judgment and reasonable settlement offers made by defendants (even if not for full relief) that are rejected by plaintiff attorneys that result in a windfall to the plaintiff's attorneys. Courts routinely follow this logic in deciding these motions. See Ortiz v. Prestige Kitchen Design, Inc., supra.

Plaintiff's motion for attorneys' fees is an ancillary matter wholly unrelated to the merits of a Plaintiff's claims. Defendants submit that this Court can and should know all settlement amounts demanded by Plaintiff and offered by Defendants in order to determine the reasonableness of the attorneys' fees requested by Plaintiff.

Moreover, a ruling to the contrary would serve the perverse purpose of rewarding counsel, in general, to reject all settlement offers in order to increase their legal bill. This was not the intent behind the mediation agreement and Local Civil Rule 83.8. The mediation agreement and Local Civil Rule 83.8 were designed to protect litigants from potential abuse and prejudice by opposing parties seeking to exploit information obtained during mediation on the merits of the parties' claims and defenses.

15

They were not designed to permit attorneys to shield information from the Court and prevent a proper determination as to the reasonableness of legal fees which necessitates the consideration of all prior settlement demands and offers.

Additionally, the Court – unlike a jury – is a sophisticated trier of fact and law and can separate the wheat from the chaff in determining a motion. See Rondout Valley Cent. Sch. Dist. v. Coneco Corp., 321 F. Supp. 2d 469, 473 (N.D.N.Y. 2004) ("Such deference is particularly profound with respect to bench trials because the trial court is presumed to be able to exclude improper inferences from his or her own decisional analysis") (internal quotations and citation omitted); see also 11 CHARLES A. WRIGHT & ARTUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2885 (2d ed. 1995) ("In non-jury cases the district court can commit reversible error by excluding evidence but it is almost impossible for it to do so by admitting evidence").

As a result, Defendants properly included all prior rejected settlement offers, including those at the mediation.

## CONCLUSION

Based upon the foregoing, Defendants respectfully request that the Court: (1) set aside the Report and Recommendation dated December 19, 2017, or; (2) alternatively, further reduce Plaintiff's counsel's attorneys' fee award consistent with the law in this Circuit to no more than $15,166.67; and (3) for such other and further relief as this Court deems just and proper.

Dated:  Lake Success, New York
        January 5, 2018

**MILMAN LABUDA LAW GROUP PLLC**

By:  /s   Joseph M. Labuda, Esq.
Joseph M. Labuda, Esq.
Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 328-0082 (facsimile)
joe@mllaborlaw.com
emanuel@mllaborlaw.com

*Attorneys for Defendants*