UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
MASSIMILIANO LUONGO,

                Plaintiff,

   -against-

44-37 RESTAURANT CORP.; THE
RUSSO'S PAYROLL GROUP, INC.; and
FRANK RUSSO,

                Defendants.
------------------------------------------------------x



NOT FOR PUBLICATION
**ORDER**
13-CV-7420 (CBA) (RML)

**AMON, United States District Judge:**

On June 27, 2017, following two days of trial on plaintiff's claims for wage and hour violations, plaintiff agreed to settle the case in exchange for $45,500. (D.E. # 56.) That sum did not include attorney's fees and plaintiff's counsel, Michael O'Neill, subsequently filed a motion seeking to recover $80,870 in attorney's fees. (D.E. # 62.) On October 10, 2017, this Court referred that motion to the Honorable Robert M. Levy, United States Magistrate Judge, for Report and Recommendation.

On December 19, 2017, Magistrate Judge Levy issued a well-reasoned R&R, recommended that O'Neill be awarded only $70,038.41. (D.E. # 83 ("R&R") at 10.) The R&R considered defendants' arguments in opposition to the fee request, which were numerous, including (1) that O'Neill's rates were unreasonable; (2) his fees were disproportionate to the settlement; (3) he should have submitted contemporaneous time records instead of summaries based upon contemporaneous times records; (4) O'Neill should have settled the case before trial and avoided additional fees; and (5) various attacks to his expense entries. (Id. at 4–10; see also D.E. # 80 ("Defs. Original Opp.").) Some of these arguments succeeded as Magistrate Judge Levy

1

reduced O'Neill's fee request by approximately 20 percent. (R&R at 10.) Defendants filed objections to the R&R, asking that O'Neill's fee be further reduced. (See D.E. # 86 ("Objections" or "Defs. Objs.").) O'Neill responded to defendants' objections, contending that he is entitled to recover additional fees for the time he spent responding to misrepresentations contained in defendants' submissions. (See D.E. # 88 ("Pl. Response").)

When deciding whether to adopt an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (internal quotation marks and citation omitted). When specific objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). If a party "makes only conclusory or general objections, or simply relitigates his original arguments, the Court reviews the Report and Recommendation only for clear error." Barrat v. Joie, No. 96-CV-324 (LTS), 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002).

I. The Court Adopts the R&R

Here, the Court has reviewed the R&R de novo and considered the objections filed by defendants and the response filed by O'Neill. Defendants' objections mostly recycle arguments that they previously made in opposing the fee request in the first place or in other filings they have made in this action. To the extent defendants' objections raise new arguments, the Court finds them meritless. The Court pauses briefly to address five of defendants' arguments.

As to defendants' main contention that the fee award was unreasonable, the Court is very familiar with this case having presided over the trial. From that vantage point, it does not share

defendants' view that O'Neill "improperly churn[ed] fees," (Defs. Objs. at 1), that his fee request is "exorbitant," (Original Opp. at 1), or that he "reject[ed] all settlement offers in order to increase [his] legal bill," (D.E. # 90 ("Reply") at 15). Instead, the Court's view is that O'Neill litigated this case in good faith, aiming to achieve a reasonable recovery for his client. Furthermore, as to defendants' argument that the requested fees are "exorbitant" or that O'Neill delayed settlement in order to "churn fees," it is worth noting that defendants apparently did not hold this opinion at one time, as they offered O'Neill $60,000 in attorney fees on June 23, 2017—days before trial commenced and many more fees accrued. (Pl. Response at 46.)

Nor does the Court find persuasive defendants' claim that the settlement was such a low recovery for plaintiff that it justifies reducing O'Neill's fee request. After hearing the evidence presented at trial, this Court found that $45,500 was a fair result because the lack of time records and the vagueness of plaintiff's testimony made "it very difficult for the plaintiff to come to any higher number than has been agreed to be paid to him." (D.E. # 58 at 270:11–18.) Trying the case required a substantial time commitment by O'Neill and although he did not recover all of the damages plaintiff sought, the recovery he achieved was substantial under the circumstances. See Hui Luo v. L & S Acupuncture, P.C., No. 14-CV-1003 (BMC), 2015 WL 1954468, at *2 (E.D.N.Y. Apr. 29, 2015), aff'd, 649 F. App'x 1 (2d Cir. 2016) ("Since the case was not settled pretrial but actually tried, it required a substantial time commitment and preparation for trial. The result that was obtained, although not reflecting a substantial judgment, was nevertheless a complete recovery of the wages that plaintiff was owed.").

Defendants' objection to the reasonableness of the fee award fails to account for the complexity that they introduced into this case. The key complication was that defendants purportedly lost almost all of plaintiff's time records, which likely prolonged the litigation by

3

hampering both parties' ability to come to a reasonable view of the amount of potential liability in this case. Moreover, the absence of those records introduced a legal complexity, including forcing plaintiff to address defendants' defense that they were not responsible for the missing records because a hurricane destroyed them. This complexity serves as a further justification for O'Neill's fee award. See Hart v. RCI Hosp. Holdings, Inc., No. 09-CV-3043 (PAE), 2015 WL 5577713, at *15 (S.D.N.Y. Sept. 22, 2015) (finding that where defendant "presented difficult questions of fact, law, and strategy, including multiple questions of first impression . . . strongly supports [plaintiff's] fee request"); Marshall v. Deutsche Post DHL, No. 13-CV-1471 (RJD), 2015 WL 5560541, at *10 (E.D.N.Y. Sept. 21, 2015).

Second, defendants contend that the R&R improperly awarded two of O'Neill's associates the same billing rate, despite the fact that one of those associates, Mr. Federici has "substantially less experience" than the other associate, Mr. Solomon. (Defs. Objs. at 7.) Defendants' argument fails to account for the fact that Federici had "specialized in FLSA litigation." (D.E. # 62 at ¶ 6.) In light of Federici's specialized experience, the R&R's recommendation that he was entitled to the same hourly rate as a general litigator was reasonable. See, e.g., Sass v. MTA Bus Co., 6 F. Supp. 3d 238, 263 (E.D.N.Y. 2014) (granting associate's fee request of $275 per hour where she had "experience litigating small and mid-sized employment discrimination cases in state and federal court").

Third, defendants' contention that O'Neill's fee award should be reduced because their success on the tip credit issue undermined his success is unsupported by the record. Contrary to defendants' argument, the Court did not decide this issue in their favor. Instead, the Court reserved decision on the tip credit issue until after it had a view of whether defendants' limited records noted the tip credit on a weekly basis as a separate item in the wage record. (D.E. # 58 at

4

270:11–18.) Therefore, the defendants' contention that their victory on the tip credit undermines plaintiff's degree of success is contradicted by the record.

Fourth, defendants contend that O'Neill's fee should have been reduced because he rejected a Rule 68 Offer of Judgment that would have given plaintiff approximately $55,000, i.e., $10,000 more than he received in the settlement. This argument, however, is misleading because it neglects to mention that the fact that the Offer of Judgment was for approximately $35,000, i.e., ten thousand **less** than plaintiff settled for. Upon receipt of this Offer of Judgment, O'Neill wrote back and asked whether the offer was based upon the federal interest rate, which was 0%, or the state interest rate, which was 9%. (Pl. Response at 49.) It is undisputed that defendants neglected to respond to O'Neill's email, so he was left to wonder what defendants were really offering, either ten thousand dollars less than the settlement or ten thousand more. Having not clarified whether their Offer of Judgment was for $35,000 or $55,000, it strains credulity for defendants to now claim that this offer justifies reducing O'Neill's fee recovery since, on its face, it was less than plaintiff received in the settlement.

Accordingly, the Court adopts the R&R as the opinion of the Court with the following amendment.

## II. O'Neill's Request for Additional Fees

O'Neill is awarded fees for preparing his response to defendants' objections because it was necessary to correct defendants' misstatements of the record, most of which defendants were making for the second time and thus were on notice that they were either false or seriously misleading. For example, in their original opposition to O'Neill's fee request, defendants argued that his $450 hourly rate was unwarranted because he had handled only eight wage and hour cases. (D.E. # 80 at 15 ("Plaintiff's counsel's requested hourly rates are simply unjustifiable" because he

has litigated only "eight FLSA cases.").) In response to that motion, on September 18, 2017, O'Neill pointed out that defendants were significantly undercounting the number of wage and hour cases he had litigated, especially since defendants failed to account for a wage and hour case that O'Neill tried against defendants' counsel. (D.E. # 74 ("Defendants' list omits many of my wage and hour cases, in fact I tried a wage and hour cases several years ago in this Court, and Mr. Labuda was the defense counsel in that case. Surely Mr. Labuda would have remembered and noticed the absence of that case on his list, before he signed his declaration.").) Nevertheless, in objecting to the R&R, defendants chose to recycle their misleading count of eight wage and hour cases, and once again failed to account for the case the two sets of lawyers had tried against each other. (Defs. Obj. at 5 ("In reality, O'Neill has very little experience in FLSA cases (eight in total) and should have received the rate of a second year associate given his lack of experience in FLSA matters.").)

There are many other examples of defendants' misrepresentations to the Court even where they had notice that the law or facts are directly contrary to their argument. For example, defendants argued that O'Neill "failed to keep contemporaneous [time] records, and admits that he failed to do so in his affidavit." (Defs. Obj. at 12.) O'Neill's supposed "admission" is completely absent from his affidavit. To the contrary, his affidavit stated that "all of the time summarized by me in this declaration is documented by my firm's contemporaneous time records . . . I am not submitting copies of the actual time sheets because they contain privileged information." (D.E. # 62.)[1]

---

[1] Relatedly, defendants repeatedly contend that O'Neill was required to submit his actual time records in order recover any fees under New York State Associates for Retarded Children, Inc. v. Carey, 711 F.2d 1136 (2d Cir. 1983). (Defs. Obj. at 9.) However, although actual time records are preferable, defendants fail to mention, let alone distinguish, that their argument has been squarely rejected by the Second Circuit. See Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers, 34 F.3d 1148, 1160 (2d Cir. 1994) ("Local Union No. 3 claims that attorneys fees should not have been awarded herein because, inter alia, Davis & Eisenberg did not submit actual contemporaneous time records, but instead submitted a typed listing of their hours from their computer records. This argument is unpersuasive. A review of the submissions made by Davis & Eisenberg shows that they made contemporaneous entries as the work was completed. We believe this falls sufficiently within the meaning of 'contemporaneous,' and that such a practice is not contrary to

The Court was optimistic it would receive an explanation to the claimed misrepresentations when it received defendants' reply to plaintiff's submission. That optimism proved to be misplaced. Rather than respond to even the most obvious charges of misrepresentation—such as defendants' failure to account for a labor law case litigated against O'Neill—defendants chose to advance other misstatements. For example, defendants argued that O'Neill's request for fees accrued in connection with the instant motion should be denied because "Plaintiff's counsel failed to submit contemporaneous time records." (Reply at 13.) Yet, Exhibit A to O'Neill's affidavit are his contemporaneous time records for the hours spent working on all post-trial motions. (D.E. # 89.) This further misrepresentation underscores the importance of plaintiff's submission in calling attention to defendants' pattern of misrepresentations.

Accordingly, the Court amends the R&R to award O'Neill additional fees. O'Neill's time records show that he worked for 6.3 hours on his response at a rate of $450 per hour. (D.E. # 89 at 4.) Accordingly, the Court awards O'Neill an additional $2,835 for his work in connection with his response to defendants' objections to the R&R. That amendment brings his fee award total to $72,873.41.

---

the dictates of Carey."). Put differently, the Second Circuit has permitted the precise approach used by O'Neill—a typed summary of his time records, which recorded his time contemporaneously. See Lewis v. Coughlin, 801 F.2d 570, 577 (2d Cir. 1986) ("We recognize that other courts have held that affidavits summarizing time logs are acceptable."); see also Tran v. Tran, 166 F. Supp. 2d 793, 801 (S.D.N.Y. 2001) ("The Second Circuit has held, however, that lists of hours worked that are constructed from contemporaneous records are also acceptable.").

## CONCLUSION

The Court adopts the R&R as the opinion of this Court with one amendment: Plaintiff's counsel's fee award is increased by $2,835 to $72,873.41.

SO ORDERED.

Dated: February 28, 2018
Brooklyn, New York

s/Carol Bagley Amon
_____
Carol Bagley Amon
United States District Judge